## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. 19-cv- |
| U.S. DEPARTMENT OF COMMERCE,<br>1401 Constitution Avenue NW<br>Washington, DC 20230 | ) ) ) ) | |
| *Defendant.* | ) ) | |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of Commerce under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.        Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.        Defendant U.S. Department of Commerce (Commerce) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Commerce has possession, custody, and control of the records American Oversight has requested.

## STATEMENT OF FACTS

7.        In November 2018, American Oversight submitted six FOIA requests to Commerce seeking records reflecting the communications between the highest-ranking officials in the Department—Secretary Wilbur Ross, Secretary Ross's former Chief of Staff Wendy Teramoto, and Acting Deputy Secretary Karen Dunn Kelley—and industry groups and executives with interests that may be affected by Commerce policies. One of these requests specifically requested any records reflecting communications with entities listed in Secretary Ross's ethics agreement.

*Ross Ethics Agreement Entities FOIA*

8.      On November 14, 2018, American Oversight submitted a FOIA request to Commerce requesting all records reflecting communications between certain high-ranking Commerce officials and any individuals or entities named in Secretary Ross's ethics agreement. Specifically, the request sought the following:

> All records reflecting communications (including emails, email attachments, voicemail transcripts, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, WhatsApp, Signal, Facebook or Twitter Direct Messages), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (1) Secretary Wilbur Ross, former Chief of Staff Wendy Teramoto, Acting Deputy Secretary Karen Dunn Kelley, or any assistants or schedulers acting on their behalves and (2) any of the individuals or entities named in Sections 2, 3, 4, 7, 8, 10, and Attachment A of Mr. Ross' ethics agreement submitted on January 15, 2017. We have attached a copy of the ethics agreement Exhibit A for your reference.

The Ross Ethics Agreement FOIA is attached hereto as Exhibit 1 and incorporated herein.

9.      Commerce assigned the request tracking number DOC-IOS-2019-000231.

10.     On November 27, 2018, Commerce emailed American Oversight seeking clarification regarding the timeframe for the request and requesting domain names for the entities for which American Oversight sought communications.

11.     On December 12, 2018, American Oversight responded that the request sought records from February 28, 2017, through the date of the search. American Oversight further responded that many of the entities listed in Secretary's Ross's ethics agreement did not appear to have independent domain names. American Oversight suggested search terms that could be

used to identify some responsive electronic records but made clear that the application of such

search terms would not be adequate to capture all responsive records.

12.     American Oversight has not received any further communications from

Commerce regarding this FOIA request.

*Ross Business Entities Communications FOIA*

13.     On November 14, 2018, American Oversight submitted a FOIA request to

Commerce requesting all records reflecting communications between certain high-ranking

Commerce officials and a list of business entities and individuals that may have business

interests affected by Commerce policies. Specifically, the request sought the following:

> All records reflecting communications (including emails, email attachments,
> voicemail transcripts, text messages, messages on messaging platforms
> (such as Slack, GChat or Google Hangouts, Lync, Skype, WhatsApp, Signal,
> Facebook or Twitter Direct Messages), telephone call logs, calendar
> invitations/entries, meeting notices, meeting agendas, informational
> material, talking points, any handwritten or electronic notes taken during any
> oral communications, summaries of any oral communications, or other
> materials) between (1) Secretary Wilbur Ross, former Chief of Staff Wendy
> Teramoto, Acting Deputy Secretary Karen Dunn Kelley, or any assistants or
> schedulers acting on their behalves and (2) any of the following individuals
> or entities:
>
> 1)  Four Rivers Investment Management Co. Ltd.
> 2)  Baosteel (including but not limited to email accounts ending in
>     @baosteel.com)
> 3)  China Baowu Steel Group
> 4)  U.S.-China Green Fund
> 5)  Henry Paulson
> 6)  Deborah Lehr
> 7)  Paulson Institute including but not limited to email accounts ending
>     in @paulsoninstitute.org)
> 8)  Hwabao
> 9)  China Merchants Finance Holdings (including but not limited to
>     email accounts ending in @cmbchina.com)
> 10) The Greenbrier Companies Inc. (GBS) (including but not limited to
>     email accounts ending in @gbrx.com)
> 11) Rail Security Alliance (including but not limited to email accounts
>     ending in @railsecurity.org)

12) William "Bill" A. Furman
13) Sumimoto Corporation of Americas (including but not limited to email accounts ending in @sumimotocorp.com)
14) Navigator Holdings (NVGS)
15) Sibur (including but not limited to email accounts ending in @sibur.ru)
16) International Automotive Components Group (IAC) (including but not limited to email accounts ending in @iacgroup.com)
17) Permali do Brasil Indústria e Comércio Ltda
18) Plascar
19) PB Materials Holdings Inc.
20) Ocwen Financial Corp. (including but not limited to email accounts ending in @ocwen.com)
21) Longmen Group Limited
22) Organica Water (including but not limited to email accounts ending in @organicawater.com)
23) Phononic Devices, Inc. (including but not limited to email accounts ending in @phononic.com)
24) Huaneng Renewables Corp. Ltd.
25) ChargePoint Inc (including but not limited to email accounts ending in @chargempoint.com)
26) SinoTech Power Group Holding
27) Nautical Bulk Holding
28) Boeing Company (including but not limited to email accounts ending in @boeing.com)
29) Anheuser Busch (including but not limited to email accounts ending in @anheuser-busch.com)
30) Caterpillar (including but not limited to email accounts ending in @caterpillar.com)
31) Dow Chemicals Co. (including but not limited to email accounts ending in @dow.com)
32) General Electric (including but not limited to email accounts ending in @ge.com)
33) XTO Energy (including but not limited to email accounts ending in @xtoenergy.com or @exxonmobil.com)
34) Tennessee Gas Pipeline Co.
35) Kinder Morgan (including but not limited to email accounts ending in @kindermorgan.com)
36) National Rural Utilities Cooperative
37) Baker Hughes (including but not limited to email accounts ending in @bhge.com)
38) Xcel Energy (including but not limited to email accounts ending in @xcelenergy.com)
39) Southwestern Public Service Co.
40) Aperam (including but not limited to email accounts ending in @aperam.com)

41) Chevron Corp. (including but not limited to email accounts ending in @chevron.com)
42) Merck & Co. (including but not limited to email accounts ending in @merck.com)
43) FireEye Inc. (including but not limited to email accounts ending in @fireeye.com)
44) Amphenol (including but not limited to email accounts ending in @amphenol.com)
45) Apple Inc. (including but not limited to email accounts ending in @apple.com)
46) CDW Corp.
47) Zoetis Inc. (including but not limited to email accounts ending in @zoetis.com)
48) United Parcel Service (including but not limited to email accounts ending in @ups.com)
49) Cypress Advocacy, LLC (including but not limited to email addresses ending in @cypressgroupdc.com) Federal Hall Policy Advisors (including but not limited to email addresses ending in @fedhall.com)
50) Madison Law and Policy (including but not limited to email addresses ending in @mlppc.com)
51) Summit Strategies Government Affairs (including but not limited to email addresses ending in @summitstrategies.us)
52) SCNELSON Law Office (including but not limited to the email address scott_c_nelson@yahoo.com)

14.     Commerce assigned the request tracking number DOC-IOS-2019-000232.

15.     On December 4, 2018, Commerce requested clarification regarding the date range for records requested. That same day American Oversight responded that the request sought records from February 28, 2017, through the date of the search.

16.     American Oversight has not received any further communications from Commerce regarding this FOIA request.

*Ross Meetings FOIA*

17.     On November 14, 2018, American Oversight submitted a FOIA request to Commerce requesting all records reflecting the content of Secretary Ross's meetings with specific business interests and executives. Specifically, the request sought the following:

All records reflecting the content of the following meetings that appear on Secretary Ross' publicly released calendars, including any calendar entries, written communications about the meetings, agendas, lists of meeting attendees, minutes, summaries, handwritten notes, or materials exchanged during the meetings. This request includes all records reflecting communications with Commerce Department Ethics officials before or following the meetings listed below, including any ethics determinations, referrals, waivers, or authorizations regarding Secretary Ross's participation in these meetings.

A) Secretary Ross's March 22, 2017, meeting with Chevron CEO John Watson, Vice President Maria Pica Karp and International Government Affairs Manager Jay Thompson. In addition to Secretary Ross and any confidential assistant or scheduler acting on his behalf, we request that Commerce search the records of Eric Branstad, Jennifer Andberg, James Uthmeier and Julius Svoboda.

B) Secretary Ross's March 30, 2017, meeting with Boeing CEO Dennis Muilenberg. In addition to Secretary Ross and any confidential assistant or scheduler acting on his behalf, we request that Commerce search the records of International Trade Specialist Fred Elliott, Deputy Director of the Advocacy Center Americo Tadeau, and Director of the Executive Secretariat, International Trade Administration, Valerie McNeill.

C) Secretary Ross's September 22, 2017, call to Boeing CEO Dennis Muilenburg. We request that Commerce search the records of Secretary Ross, former Chief of Staff Wendy Teramoto, and any assistants or schedulers acting on their behalf.

D) Secretary Ross's October 2, 2017, call to Boeing CEO Dennis Muilenburg. We request that Commerce search the records of Secretary Ross, former Chief of Staff Wendy Teramoto, and any assistants or schedulers acting on their behalf.

E) Secretary Ross's May 17, 2017, meeting with the executive board of the Rail Security Alliance. In addition to Secretary Ross and any confidential assistant or scheduler acting on his behalf, we request that Commerce search the records of Hunter Hall, Angel Larrauri, James Rockas, Zachery Michel and Grant Gardner.

F) Secretary Ross's May 18, 2017, lunch with Bill Furman. We request that Commerce search the records of Secretary Ross, former Chief of Staff Wendy Teramoto, and any assistants or schedulers acting on their behalf.

G) Secretary Ross's June 5, 2017, meeting with Eliot Honaker and family. In addition to Secretary Ross and any confidential assistant or scheduler acting on his behalf, we request that Commerce search the records of Brooke Alexander, John Guido and Wendy Teramoto.

H) Secretary Ross's June 5, 2017, meeting with Henry Paulson and Deborah Lehr. In addition to Secretary Ross and any confidential assistant or scheduler acting on his behalf, we request that Commerce search the records of Brooke Alexander, John Guido and Wendy Teramoto.

I) Secretary Ross's August 10, 2017, call with Henry Paulson. In addition to Secretary Ross and any confidential assistant or scheduler acting on his behalf, we request that Commerce search the records of Wendy Teramoto and Earl Comstock.

J) Secretary Ross's April 21, 2017, meeting with Henry Paulson and Deborah Lehr. In addition to Secretary Ross and any confidential assistant or scheduler acting on his behalf, we request that Commerce search the records of John Guido and Brooke Alexander.

Please produce all responsive records from February 28, 2017, to the date the search is conducted.

18.    Commerce assigned the request tracking number DOC-OS-2019-000233.

19.    American Oversight has not received any further communications from Commerce regarding this FOIA request.

*Ross Ethics Communications FOIA*

20.    On November 14, 2018, American Oversight submitted a FOIA request to Commerce requesting all communications of individuals in the Ethics and Law Programs Division of Commerce regarding ethics and disclosure issues for Wilbur Ross, Wendy Teramoto, and Karen Dunn Kelley. Specifically, the request sought the following:

All communications (including emails, email attachments, calendar invitations/entries, written guidance or memoranda) of any individuals in the Ethics Law and Programs Division of the Department of Commerce regarding the business interests, potential conflicts of interest, and the process surrounding the ethics disclosures and recusals of Wilbur Ross, Wendy Teramoto, and Karen Dunn Kelley.

Please produce all responsive records from February 28, 2017, to the date the search is conducted.

21.  Commerce assigned the request tracking number DOC-IOS-2019-000234.

22.  American Oversight has not received any further communications from Commerce regarding this FOIA request.

*Navigator Holdings FOIA*

23.  On November 14, 2018, American Oversight submitted a FOIA request to Commerce requesting all communications of certain high-ranking Commerce officials containing specific terms or phrases for a short time period in light of reporting that Secretary Ross had shorted of the stock of shipping firm Navigator Holdings. Specifically, the request sought the following:

All communications (including emails, text messages, and messages sent on messaging applications) by Wilbur L. Ross, Wendy Teramoto, Karen Dunn Kell[e]y, or any person acting on any of their behalf, including confidential assistants and schedulers, containing any of the following words or phrases:

a.  Navigator
b.  NVGS
c.  "New York Times"
d.  Nytimes
e.  NYT
f.  McIntire
g.  Chavkin
h.  Hamilton
i.  Forbes
j.  "Paradise Papers"
k.  Appleby
l.  Sibur
m.  "WLR"
n.  "W.L. Ross"
o.  Invesco

Please produce all responsive records from the dates of Oct. 23, 2017 to Nov. 17, 2017.

24.     Commerce assigned the request tracking number DOC-OS-2019-000237.

25.     American Oversight has not received any further communications from

Commerce regarding this FOIA request.

*Sugar Industry FOIA*

26.     On November 14, 2018, American Oversight submitted a FOIA request to

Commerce requesting all records reflecting communications between certain high-ranking

Commerce officials and certain individuals and corporations in the sugar industry in light of

public records demonstrating Secretary Ross's contacts with foreign sugar industry interests.

Specifically, the request sought:

> All records reflecting communications (including emails, email attachments, handwritten or electronic notes summarizing meetings, and calendar invitations or entries) by Secretary Wilbur L. Ross, Chief of Staff Wendy Teramoto, Deputy Secretary Karen Dunn Kell[e]y, or any person acting on their behalf, including confidential assistants or schedulers, with or about any of the following individuals or entities, or with any person acting on their behalf:
>
> a.  Jose "Pepe" Fanjul
> b.  Alfonso "Alfy" Fanjul
> c.  Fanjul Corp.
> d.  Domino Sugar
> e.  Florida Crystals
> f.  C & H Sugar
> g.  Redpath Sugar
> h.  Tate & Lyle
> i.  American Sugar Refining
>
> Please produce all responsive records from February 28, 2017, to the date the search is conducted.

27.     Commerce assigned the request tracking number DOC-OS-2019-000238.

28.     American Oversight has not received any further communications from

Commerce regarding this FOIA request.

*Exhaustion of Administrative Remedies*

29.     As of the date of this Complaint, Commerce has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Commerce intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

30.     Through Commerce's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

31.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

32.     American Oversight properly requested records within the possession, custody, and control of Commerce.

33.     Commerce is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

34.     Commerce has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

35.     Commerce's failure to conduct adequate searches for responsive records violates FOIA and Commerce regulations.

36.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

37.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

38.     American Oversight properly requested records within the possession, custody, and control of Commerce.

39.     Commerce is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

40.     Commerce is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

41.     Commerce is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

42.     Commerce's failure to provide all non-exempt responsive records violates FOIA and Commerce regulations.

43.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## <u>REQUESTED RELIEF</u>

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: March 1, 2019

Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
sara.creighton@americanoversight.org

*Counsel for Plaintiff*