**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN OVERSIGHT,

      Plaintiff,

      v.

U.S. DEPARTMENT OF COMMERCE,

      Defendant.

Civil Action No. 19-0575 (DLF)

## ANSWER

Defendant, the United States Department of Commerce ("Defendant" or "DOC"), by and through undersigned counsel, hereby answers the Complaint of Plaintiff American Oversight ("Plaintiff") as follows. The numbered paragraphs of Defendant's Answer correspond to the numbered paragraphs of Plaintiff's Complaint.

1. Paragraph 1 contains Plaintiff's characterization of this lawsuit, to which no response is required.

### Jurisdiction and Venue[1]

2. Paragraph 2 sets forth a legal conclusion regarding jurisdiction to which no response is required.

3. Paragraph 3 sets forth a legal conclusion regarding venue to which no response is required.

---

[1] For ease of reference, the Answer refers to the headings listed in the Complaint. Defendant has not responded to those headings on the understanding that the headings are not factual allegations. To the extent a response is required to the headings, Defendant denies them.

4.     The allegations in Paragraph 4 consist of legal conclusions and Plaintiff's

characterization of this lawsuit, to which no response is required.

### Parties

5.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 5.

6.     Defendant admits that DOC is an agency of the United States government

headquartered in Washington, DC.  The remainder of the allegations in Paragraph 6

consists of legal conclusions, to which no response is required.

### Statement of Facts

7.     Defendant admits that Plaintiff submitted six FOIA requests to DOC, each of which

is dated November 14, 2018.  Defendant respectfully refers the Court to the

respective FOIA requests for complete and accurate statements of their content.

Defendant denies the remainder of the allegations in Paragraph 7.

*Ross Ethics Agreement Entities FOIA*

8.     To the extent that the allegations in Paragraph 8 consist of Plaintiff's

characterization of its FOIA request, no response is required.  Defendant admits that

Plaintiff submitted to DOC a FOIA request dated November 14, 2018, and

respectfully refers the Court to this FOIA request for complete and accurate

statements of its content.  Defendant further admits that Plaintiff submitted as

Exhibit A to this FOIA request correspondence dated January 15, 2017, from

Wilbur L. Ross to David Maggi, Alternate Designated Agency Ethics Official, and

respectfully refers the Court to the January 15, 2017, correspondence for complete and accurate statements of its content.

9.    Defendant admits the allegations in Paragraph 9.

10.   Defendant admits that, on November 27, 2018, DOC sent an email communication to Plaintiff, and respectfully refers the Court to that email for complete and accurate statements of its content.

11.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.  To the extent that such a response may exist, Defendant respectfully refers the Court to the communication from Plaintiff for complete and accurate statements of its content.

12.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.  Defendant avers that it is currently processing this FOIA request.

<em>Ross Business Ethics Communications FOIA</em>

13.   To the extent that the allegations in Paragraph 13 consist of Plaintiff's characterization of its FOIA request, no response is required.  Defendant admits that Plaintiff submitted to DOC a FOIA request dated November 14, 2018, and respectfully refers the Court to this FOIA request for complete and accurate statements of its content.

14.   Defendant admits the allegations in Paragraph 14.

15.   Defendant admits that DOC sent correspondence to Plaintiff dated December 4, 2018, and respectfully refers the Court to that correspondence for complete and

accurate statements of its content.   Defendant denies knowledge or information

sufficient to form a belief as to whether Plaintiff provided a written response to its

correspondence of December 4, 2018. To the extent that such a response may exist,

Defendant respectfully refers the Court to the communication from Plaintiff for

complete and accurate statements of its content.

16.   Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 16.  Defendant avers that it is currently

processing this FOIA request.

*Ross Meetings FOIA*

17.   To the extent that the allegations in Paragraph 17 consist of Plaintiff's

characterization of its FOIA request, no response is required.  Defendant admits that

Plaintiff submitted to DOC a FOIA request dated November 14, 2018, and

respectfully refers the Court to this FOIA request for complete and accurate

statements of its content.

18.   Defendant admits the allegations in Paragraph 18.

19.   Defendant denies knowledge or information sufficient to form a belief  as to the

truth of the allegations in Paragraph 19.  Defendant avers that it is currently

processing this FOIA request.

*Ross Ethics Communications FOIA*

20.   To the extent that the allegations in Paragraph 20 consist of Plaintiff's

characterization of its FOIA request, no response is required.  Defendant admits that

Plaintiff submitted to DOC a FOIA request dated November 14, 2018, and

4

respectfully refers the Court to this FOIA request for complete and accurate statements of its content.

21.  Defendant admits the allegations in Paragraph 21.

22.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.  Defendant avers that it is currently processing this FOIA request.

*Navigator Holdings FOIA*

23.  To the extent that the allegations in Paragraph 23 consist of Plaintiff's characterization of its FOIA request, no response is required.  Defendant admits that Plaintiff submitted to DOC a FOIA request dated November 14, 2018, and respectfully refers the Court to this FOIA request for complete and accurate statements of its content.

24.  Defendant admits the allegations in Paragraph 24.

25.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.  Defendant avers that it is currently processing this FOIA request.

*Sugar Industry FOIA*

26.  To the extent that the allegations in Paragraph 26 consist of Plaintiff's characterization of this lawsuit, no response is required.  Defendant admits that Plaintiff submitted to DOC a FOIA request dated November 14, 2018, and respectfully refers the Court to this FOIA request for complete and accurate statements of its content.

27.   Defendant admits the allegations in Paragraph 27.

28.   Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 28.  Defendant avers that it is currently

processing this FOIA request.

*Exhaustion of Administrative Remedies*

29.   The allegations in Paragraph 29 consist of legal conclusions, to which no response

is required.  To the extent a response may be deemed required, Defendant denies

the allegations in Paragraph 29.

30.   The allegations in Paragraph 30 consist of legal conclusions, to which no response

is required.

<u>COUNT I</u>

31.   Defendant repeats and incorporates by reference its responses to the allegations in

Paragraphs 1 through 30 as if fully set forth herein.

32.   Paragraph 32 consists of legal conclusions, to which no response is required.   To

the extent that a response may be deemed required, Defendant denies the allegations

in Paragraph 32.

33.   Paragraph 33 consists of legal conclusions, to which no response is required.

34.   Paragraph 34 consists of legal conclusions, to which no response is required. To the

extent a response may be deemed required, Defendant denies the allegations in

Paragraph 34.

35.  Paragraph 35 consists of legal conclusions, to which no response is required.  To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 35.

36.  Paragraph 36 consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 36.

COUNT II

37.  Defendant repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 36 as if fully set forth herein.

38.  Paragraph 38 consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 38.

39.  Paragraph 39 consists of legal conclusions, to which no response is required.

40.  Paragraph 40 consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 40.

41.  Paragraph 41 consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 41.

42.  Paragraph 42 consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations in Paragraph 42.

43.    Paragraph 43 consists of legal conclusions, to which no response is required. To the

extent a response may be deemed required, Defendant denies the allegations in

Paragraph 43.

## Requested Relief

The remaining paragraphs set forth Plaintiff's requests for relief, to which no response is

required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled

to the relief requested or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or

qualified herein.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to amend, alter and supplement the defenses contained in

this Answer as the facts and circumstances giving rise to this Complaint become known to

Defendants through the course of this litigation, including to assert any other matter that

constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

## SECOND AFFIRMATIVE DEFENSE

FOIA does not require the disclosure of information exempt from disclosure pursuant to 5

U.S.C. § 552(b).

## THIRD AFFIRMATIVE DEFENSE

Defendant has performed an adequate search for records responsive to Plaintiff's FOIA

request.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is neither eligible nor entitled to attorneys' fees or costs.

## FIFTH AFFIRMATIVE DEFENSE

At all times alleged in the Complaint, Defendants were acting in good faith, with

justification, and pursuant to authority.

Dated:  April 3, 2019                                  Respectfully submitted,

                                                       JESSIE K. LIU, D.C. Bar #472845
                                                       United States Attorney

                                                       DANIEL F. VAN HORN, D.C. Bar #924092
                                                       Chief, Civil Division

                                              BY: */s/ Jason T. Cohen*
                                                       JASON T. COHEN, ME Bar #004465
                                                       Assistant United States Attorney
                                                       United States Attorney's Office
                                                       Civil Division
                                                       555 4th Street, N.W.
                                                       Washington, D.C. 20530
                                                       (202) 252-2523
                                                       jason.cohen@usdoj.gov

                                                       *Attorneys for Defendants*